UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20161-CR-GAYLES/TORRES

UNITED STATES OF AMERICA,

    **Plaintiff,**

v.

SILVERIO HENRIQUEZ,
VICTOR MANUEL PENA-ABREU,
YOVANNY JOSE GONZALEZ, and
JEASON ALMONTE-HENRIQUEZ,

    **Defendants.**
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Defendants' Joint Motion to Dismiss Indictment (the "Motion") [ECF No. 29]. The Court referred the Motion to Chief Magistrate Judge Edwin G. Torres pursuant to 28 U.S.C. § 636(b)(1)(B) for a Report and Recommendation. [ECF No. 34]. On April 24, 2023, Judge Torres issued a Report recommending that the Court grant in part and deny in part the Motion (the "Report"). [ECF No. 67]. Both the Government and Defendants have timely objected to the Report. [ECF Nos. 77, 78].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters,*

*L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Defendants have moved to dismiss the Indictment arguing (1) the Court lacks statutory subject matter jurisdiction; (2) the Maritime Drug Law Enforcement Act ("MDLEA") cannot constitutionally be applied in this case; (3) the Government violated Federal Rule of Criminal Procedure 5(a)(1)(b) because their presentment to a judge was unreasonably delayed; (4) the Government violated Federal Rule of Criminal Procedure 5(b) because the criminal complaint was not promptly filed; and (5) the Government's rule violations run afoul of the outrageous government conduct doctrine. In his Report, Judge Torres found that the Court has jurisdiction and that the MDLEA can be applied in this case but that Defendants' presentment to a magistrate judge was unreasonably delayed. Accordingly, Judge Torres recommends that the Court suppress the evidence obtained pursuant to the delay—namely the statements that Defendants made to Detective Hosch on April 20, 2022. After a *de novo* review of the record, the Court concurs with Judge Torres's findings and well-reasoned analysis. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

(1)   The Report and Recommendation [ECF No. 67] is **ADOPTED in FULL**;[1]

(2)   Defendants' Motion to Dismiss Indictment [ECF No. 29] is **GRANTED in part** and **DENIED in part**;

---

[1] The Court notes that the Report, in discussing the timeline of events, incorrectly references dates in April of 2023. [ECF No. 67 at 3-6]. The record reflects that these events took place in April of 2022. The Court adopts the Report's findings and recommendations except for this clerical error.

(3) Defendants' statements to Detective Hosch on April 20, 2022, are suppressed.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of June, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE